IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DR. RANDOLPH C. BISHOP; DRB ACQUISITIONS, LLC; DR. CLIFF L. CANNON, JR.; STEPHEN CANNON; JOSEPH E. VALLOTTON, III; ALLEN EAGER; ALVA HOLDINGS, LLC; and SCC ACQUISITIONS, LLC; <br><br>   Plaintiffs, <br><br> v. <br><br> DARBY BANK & TRUST CO.; FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the business and property of Darby Bank & Trust Co.; DOMINIC N. APPLEGATE; APPLEGATE INDUSTRIES, INC.; ABL LOFTS, LLC; APPLEGATE BRENNAN CONSTRUCTION, Inc.; and BAKER B. LEAVITT; <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. CV410-295 |
| BAKER B. LEAVITT; <br><br>   Third Party Plaintiff, <br> v. <br><br> REAR BRENNAN, BRAD HUNNINGS, and NAVIGATORS INSURANCE COMPANY; <br><br>   Third Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) | |

O R D E R

Before the Court is Plaintiffs' Motion to Remand. (Doc. 13.) For the reasons that follow, this motion is **GRANTED**, and this case is remanded to the State Court of Chatham County for further proceedings.

**BACKGROUND**

This case arises from a failed project to construct and sell condominiums in downtown Savannah, Georgia. Plaintiffs allege that Defendants Applegate and Leavitt, aided by Defendant Darby and the remaining defendants, misappropriated and converted the assets of 300 West Broughton, LLC, a limited liability corporation formed to construct the condominiums and owned by Plaintiffs. (Doc. 13 at 3.) On October 29, 2009, Plaintiffs filed a complaint in the State Court of Chatham County, naming Darby Bank & Trust Co. ("Darby") and other parties as Defendants. (Doc. 1, Ex. 2.) In the complaint, Plaintiffs assert state law claims for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, civil conspiracy, breach of contract, fraud, misrepresentation, conversion, unjust enrichment, money had and received, negligence, and promissory estoppel. (Doc. 1, Ex. 2.) Plaintiffs seek both money damages and a declaratory judgment that loans made by Defendant Darby are not secured by property owned by Plaintiffs.

On November 12, 2010, Darby was closed by the Georgia Department of Banking and Finance ("GDBF"), who appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver. (Doc. 1 ¶¶ 3-4.) On December 21, 2010, the FDIC contemporaneously filed both a Notice of Substitution (Doc. 13, Ex. 2) and a Notice of Removal (Doc. 1). On January 20, 2011, Plaintiffs filed a Motion to Remand (Doc. 13), which raises a question as to whether these claims are properly before the Court.

## ANALYSIS

In general terms, Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, it is the defendant's burden to prove that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

However, these general principles are modified by statute and case law in an action where jurisdiction exists because the FDIC is a party. For example, the burden of proving a lack of federal jurisdiction in this action rests on the plaintiff opposing removal and not the FDIC. Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005) (placing the burden on the party seeking to defeat removal). Further, once the FDIC appropriately removes, a presumption arises the that removal of the case was proper. Lazuka v. Fed. Deposit Ins. Corp., 931 F.2d 1530, 1535 (11th Cir.

1991) (superseded on other grounds by 12 U.S.C. § 1819(b)) ("We interpret this section creating a rebuttable presumption of federal jurisdiction. Therefore, absent some showing of an exception, according to section 1819(b)(2)(B) the FDIC may remove a case to federal district court.").

All parties agree that this Court has jurisdiction, if at all, under a statute created by Congress—The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1819. This statute, when read in conjunction with the general removal code section, 28 U.S.C. § 1441, allows the FDIC to remove "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party." 12 U.S.C. § 1819(b)(2)(A). However, removal is prohibited if the "state law" exception to FIRREA removal applies, which is satisfied only if the action is one

> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
>
> (iii) in which only the interpretation of the law of such State is necessary.

12 U.S.C. § 1819(b)(2)(D) (emphasis added). Unless all three prongs of FIRREA's removal provision are satisfied, then the case

4

is "deemed to arise under the laws of the United States," as a matter of statue.  12 U.S.C. § 1819(b)(2)(A).  This result triggers the availability of removal under 28 U.S.C. § 1441(b), which allows for removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States."  However, if the above "state law" exception to FIRREA removal applies, then the action "shall not be deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(D).  As a result, removal on the basis of FIRREA alone is not permitted.

However, the Court need not reach the "state law" exception issue to decide this motion.  As a separate ground for remand, Plaintiffs contend that Defendant FDIC's Notice of Removal was ineffective because the FDIC removed this case prior to being properly made a party to the State Court action.  (Doc. 13 at 9-10.)  Plaintiffs argue that "the Court should remand because the Superior Court did not enter an order substituting the FDIC as a party in the state-court action."  (Id.)  For the reasons that follow, the Court agrees.

The statute providing the basis for removal in this case provides that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation <u>or the Corporation is substituted as a party</u>."  12 U.S.C. § 1819(b)(2)(B)

(emphasis added).  Defendant FDIC bases its removal in this case on the latter portion of the statute.  However, Defendant FDIC removed prior to actually being substituted as a party in the case.  Accordingly, its removal was premature and defective, and this Court is without jurisdiction in this matter.

Under the Georgia Civil Practice Act, a party is not substituted in a case unless and until the state court enters an order resulting in the substitution of an entity as a party in a case.  See O.C.G.A. § 9-11-25(c) ("In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.").  No such order was entered in this case in state court prior to its removal, so the FDIC was not "substituted as a party" as required.  See 12 U.S.C. § 1819(b)(2)(B) (emphasis added).

Although no Eleventh Circuit decision has directly answered this question, the principles in Castleberry, 408 F.3d 773, provide ample guidance.  In that case, the Court noted that it "must look to the Federal Rules of Civil Procedure to determine whether [a party] filed an action against the FDIC under § 1819."  Id. at 783-84.  Even looking to those federal rules, a court order was still required to substitute the FDIC as a party in this action.  See Fed. R. Civ. P. 25(c).  Therefore, neither the state nor federal

procedural rule provide for automatic substitution of a party without a court order.

Where neither the state nor federal rule allows for an automatic substitution without a court order upon a transfer of interest, the FDIC has not been substituted as a party as required by the statute. See Vision Bank v. Bama Bayou, LLC, 1022 U.S. Dist. LEXIS 14237, at *5 (S.D. Ala. Feb. 14, 2011) (unpublished); see also Minker v. Wash. Mut. Bank, N.A., 2010 WL 376964, at *3 (D. Ariz. Jan 25, 2010) (unpublished) ("Defendants do not explain how succeeding to rights and privileges necessarily inserts the FDIC as a party in a lawsuit."); J.E. Dunn Nw., Inc. v. Salpare Bay, LLC, 2009 WL 3571354 (D. Or. Oct. 26, 2009) (unpublished).

## CONCLUSION

For the reasons above, Plaintiffs' Motion to Remand (Doc. 13) is **GRANTED**, and this case is remanded to the State Court of Chatham County for further proceedings. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 27th day of September 2011.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA